228 July 1, 2026 No. 625

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

James LUNDHOLM,
*Plaintiff-Appellant,*

*v.*

ASANTE
and Asante Ashland Community Hospital LLC,
*Defendants-Respondents.*

Jackson County Circuit Court
24CV37909; A187812

Sara J. Collins, Judge.

Submitted June 2, 2026.

Thomas Dimitre and Thomas Dimitre Attorney at Law LLC filed the brief for appellant.

Kelly S. Riggs, Megan Breen, and Schwabe, Williamson & Wyatt, P. C., filed the brief for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a limited judgment that dismissed, with prejudice, his disability discrimination claim brought under ORS 659A.112. On appeal, he assigns error to the trial court's grant of defendant's motion to dismiss under ORCP 21 A, and to the trial court's decision to dismiss the claim without giving plaintiff leave to further amend the complaint. We review a trial court's ruling on an ORCP 21 A motion for legal error and "accept as true all well-pleaded allegations in the complaint and give the plaintiff, as the nonmoving party, the benefit of all favorable inferences that may be drawn from those allegations." *Stewart v. Kids Incorporated of Dallas, OR*, 245 Or App 267, 269, 261 P3d 1272 (2011), *rev dismissed*, 353 Or 104 (2012). We review a trial court's decision to dismiss without giving leave to amend for abuse of discretion. *Laxer v. City of Portland*, 339 Or App 100, 104, 567 P3d 491, *rev den*, 373 Or 738 (2025).

Having reviewed plaintiff's assignment of error under those standards, we find no reversible error on the part of the trial court. Viewing the evidence in the light most favorable to plaintiff, plaintiff claimed that defendant's termination of his employment amounted to illegal discrimination under ORS 659A.112. However, "the protections of ORS 659A.112 do not apply to any *** employee who is currently engaging in the illegal use of drugs if the employer takes action based on that conduct." ORS 659A.124. Plaintiff's employment with defendant was terminated based on a positive test result for marijuana, and although legal under state law, marijuana is a Schedule I drug under the federal Controlled Substances Act. *See* 21 USC § 812 (classifying marijuana as a Schedule I drug); ORS 659A.122(1) (defining "drug" as "a controlled substance, as classified in schedules I through V" of the "federal Controlled Substances Act"). As such, it "clearly falls within the first part of the definition" of "illegal use of drugs" under ORS 659A.124. *Emerald Steel Fabricators, Inc. v. BOLI*, 348 Or 159, 170-71, 230 P3d 518 (2010). Because the statute upon which plaintiff based his claim does not provide relief in his factual situation, the trial court did not err when it dismissed plaintiff's claim, nor did it abuse its discretion in denying leave to amend, in light of the factual record.

Affirmed.